David H. Krieger, Esq.
Nevada Bar No. 9086
HAINES & KRIEGER, LLC
8985 S. Eastern Ave., Suite 350
Henderson, NV 89123
Phone: (702) 880-5554
FAX: (702) 385-5518
Email: dkrieger@hainesandkrieger.com

Attorney for Plaintiff
*SARAH M. AGUILERA*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| SARAH M. AGUILERA,<br><br>                    Plaintiff,<br>     v.<br><br>EQUIFAX INFORMATION SERVICES, LLC,<br><br>                    Defendant. | : Civil Action No.:<br>:<br>:<br>: **COMPLAINT FOR DAMAGES**<br>: **PURSUANT TO THE FAIR**<br>: **CREDIT REPORTING ACT, 15**<br>: **U.S.C. § 1681, ET SEQ.**<br>:<br>: **JURY TRIAL DEMANDED**<br>:<br>: |

### INTRODUCTION

1. The United States Congress has found the banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. Congress enacted the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), to ensure fair and accurate

reporting, promote efficiency in the banking system, and protect consumer privacy. The FCRA seeks to ensure consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers. The FCRA also imposes duties on the sources that provide credit information to credit reporting agencies, called "furnishers."

2. Through a tightly wound set of procedural protections, the FCRA protects consumers from the material risk of harms that otherwise flow from inaccurate reporting. Thus, through the FCRA, Congress struck a balance between the credit industry's desire to base credit decisions on accurate information, and consumers' substantive right to protection from damage to reputation, shame, mortification, and the emotional distress that naturally follows from inaccurate reporting of a consumer's fidelity to his or her financial obligations.

3. SARAH M. AGUILERA ("Plaintiff"), by Plaintiff's attorneys, brings this action against EQUIFAX INFORMATION SERVICES, LLC ("Equifax") for violations of the FCRA, as set forth below.

**JURISDICTION AND VENUE**

4. This Court has federal question jurisdiction because this case arises out of violations of the FCRA. 15 U.S.C. § 1681 *et seq.*; 28 U.S.C. § 1331; *Smith v. Community Lending, Inc.*, 773 F.Supp.2d 941, 946 (D. Nev. 2011).

5. Venue is proper in the United States District Court for the District of Nevada pursuant to 28 U.S.C. § 1391(b) because Plaintiff is a resident of Clark County, Nevada and because Defendant is subject to personal jurisdiction in Clark County, Nevada; conducts business in Clark County, Nevada; the events giving rise to this action occurred in Clark County, Nevada; and Defendant is registered with the Nevada Secretary of State as a foreign limited liability company and has appointed a registered agent in Nevada.

## PARTIES

6. Plaintiff is a natural person residing in the County of Clark, State of Nevada. In addition, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

7. Equifax regularly assembles and/or evaluates consumer credit information for the purpose of furnishing consumer credit reports to third parties, and uses interstate commerce to prepare and/or furnish the reports. Equifax is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f), doing business with its principal place of business in Georgia.

8. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant.

## GENERAL ALLEGATIONS

9. On or about June 11, 2019, Plaintiff filed for Chapter 7 Bankruptcy in the United States Bankruptcy Court for the District of Nevada pursuant to 11 U.S.C. § 701 *et seq*. Plaintiff's case was assigned Case Number 19-13717-abl (the "Bankruptcy").

10. On September 9, 2019, the Bankruptcy Court entered an Order of Discharge pursuant to 11 U.S.C. § 727. *See* Bankruptcy ECF 16.

## THD/CBNA MISREPORTED CREDIT INFORMATION
## RE: ACCOUNT NO. 0982

11. In an Equifax credit report dated October 23, 2019, THD/CBNA inaccurately reported Plaintiff had a "Scheduled Payment Amount" of $28 on an account which predated the Bankruptcy.

```
THD/CBNA    PO Box 6217 SIOUX FALLS SD 57117 ; (800) 677-0232
Account Number       Date Opened    High Credit    Credit Limit    Terms Duration    Terms Frequency    Months Revd   Activity Designator    Creditor Classification
       0982*          07/03/2016      $271            $5,500                           Monthly              23
Items As of  Balance   Amount    Date of        Actual         Scheduled       Date of 1st   Date of       Date Maj.    Charge Off   Deferred Pay   Balloon Pay   Balloon     Date
Date Reported Amount   Past Due  Last Paymnt    Paymnt Amount  Paymnt Amount   Delinquency   Last Activity Del. 1st Rptd Amount      Start Date     Amount        Pay Date    Closed
10/11/2019   $198                10/2019                       $28                           10/2019
Status - Pays As Agreed; Type of Account - Revolving; Type of Loan - Charge Account; Whose Account - Authorized User;  ADDITIONAL INFORMATION - Charge;
```

12. Since THD/CBNA Account 0982 predated the Bankruptcy and subsequent discharge, it was inaccurate, derogatory, and misleading to report a

"Scheduled Payment Amount" of $28 in October 2019. There cannot be a scheduled payment amount when there is no debt owed.

13. Since THD/CBNA Account 0982 predated the Bankruptcy and Discharge, it was inaccurate, derogatory, and misleading to report a "Scheduled Payment Amount" of $28 in October 2019, after the Bankruptcy discharge was entered. It is well established that a bankruptcy discharge relieves a consumer of a legal obligation to repay a discharged debt. *Riekki v. Bank of Am.*, 2016 U.S. Dist. LEXIS 76495, *5-6 (D. Nev. June 10, 2016).

14. On or about November 22, 2019, pursuant to 15 U.S.C. § 1681i(a)(2), Plaintiff disputed THD/CBNA's reported information regarding its reported obligation by notifying Equifax, in writing, of the incorrect and inaccurate credit information furnished by THD/CBNA.

15. Specifically, Plaintiff sent a letter, certified, return receipt, to Equifax (the "Dispute Letter"), requesting the above inaccurate and incorrect derogatory information be removed, corrected, or deleted.

16. Upon information and belief, upon receiving the Dispute Letter, Equifax timely notified THD/CBNBA of the dispute based on its mandated statutory duty pursuant to 15 U.S.C. § 1681i.

17. Equifax was required to conduct an investigation into this specific account on Plaintiff's consumer report pursuant to 15 U.S.C. § 1681i.

18. On or about December 22, 2019, Plaintiff received notification from Equifax through its "reinvestigation" (Equifax Report No. 9348069133) that THD/CBMA and Equifax received notice of Plaintiff's dispute pursuant to 15 U.S.C. § 1681i(a)(6), and verified the account as "Updated". However, the inaccurate and misleading "Scheduled Payment Amount" of $28 remained, as seen below.

>>> The information you disputed has been verified as accurate, however, information unrelated to your dispute has been updated. Account # - 982* The results are: The creditor has verified to OUR company that the scheduled payment amount is being reported correctly. If you have additional questions about this item please contact: THD/CBNA, PO Box 6217, Sioux Falls SD 57117

| THD/CBNA | PO Box 6217 SIOUX FALLS SD 57117 ; (800) 677-0232 | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Account Number | Date Opened | High Credit | Credit Limit | Terms Duration | Terms Frequency | Months Revd | Activity Designator | | Creditor Classification | | |
| 982* | 07/03/2016 | $271 | $5,500 | | Monthly | 25 | | | | | |
| Items As of Date Reported | Balance Amount | Amount Past Due | Date of Last Payment | Actual Payment Amount | Scheduled Payment Amount | Date of 1st Delinquency | Date of Last Activity | Date Maj. Del. 1st Rptd | Charge Off Amount | Deferred Pay Start Date | Balloon Pay Amount | Balloon Pay Date | Date Closed |
| 12/22/2019 | $150 | $0 | 12/2019 | $0 | $28 | | 12/2019 | | $0 | | $0 | | |
| Status | Type of Account | | Type of Loan | | | Whose Account | | | Portfolio Indicator | | Portfolio Status |
| Pays As Agreed | Revolving | | Charge Account | | | Authorized User | | | | | |

19. Reporting an erroneous "Scheduled Payment Amount" created a false presumption or implication Plaintiff had an outstanding debt and was committing monthly resources to service that debt, thereby jeopardizing and limiting Plaintiff's creditworthiness and harming Plaintiff's ability to obtain credit or diminishing the amount of credit available to Plaintiff.

20. Equifax failed to conduct a reasonable investigation as required by 15 U.S.C. § 1681i(a) and wrongly verified inaccurate information in connection with Plaintiff's credit report.

///

# FIRST CAUSE OF ACTION
## VIOLATION OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681 *ET SEQ.* (FCRA)

21. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

22. Equifax failed to comply with industry standards. Equifax failed to comply with the Metro 2 Format instructions and reported inaccurate information, thus violating its duty to follow reasonable procedures to assure maximum possible accuracy under 15 U.S.C. § 1681e(b) when preparing a consumer report.

23. Not only was Equifax's reporting inaccurate a departure from the credit industry's own reporting standards, Equifax's reporting was also materially misleading under the CDIA's standards as well.

24. A "materially misleading" statement is concerned with more than just an inaccurate statement. It also includes omissions to credit entries, which in context create misperceptions about otherwise factually accurate data. *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1163 (9th Cir. 2009).

25. Equifax failed to conduct a reasonable investigation as required by 15 U.S.C. § 1681i(a) and wrongly verified inaccurate information in connection with Plaintiff's credit reports.

26. Equifax failed to review all relevant information provided by Plaintiff in the Dispute Letter, as required by and in violation of 15 U.S.C. § 1681i(a).

27. Equifax re-reported the inaccurate derogatory information on Plaintiff's report. Specifically, Equifax still reported scheduled payment amounts on a debt which predated the Bankruptcy.

28. Equifax, upon receipt of Plaintiff's dispute, failed to conduct an investigation with respect to the disputed information as required by 15 U.S.C. § 1681i(a).

29. Due to Equifax's failure to reasonably investigate Plaintiff's dispute, it further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681s-2(b)(1)(E), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681e(b).

30. The Dispute Letter also included a statement of dispute as that term is meant pursuant to 15 U.S.C. § 1681i(b). Specifically, Plaintiff requested Equifax include a statement on Plaintiff's credit report stating the instant account was disputed in the event Equifax failed to make the requested corrections identified in the Dispute Letter.

31. Upon information and belief, Equifax failed in Plaintiff's subsequent consumer reports containing the above disputed information to clearly note this account was disputed by Plaintiff and provide either Plaintiff's dispute

statement or a clear and accurate codification or summary of the dispute in violation of Equifax's statutory obligations under 15 U.S.C. § 1681i(c).

32. Reporting and re-reporting the above-referenced derogatory information also constituted a violation of 15 U.S.C. § 1681g(a) because the lack of clarity in the information reported and re-reported has the tendency to confuse ordinary consumers like Plaintiff.

33. Despite Plaintiff's efforts to correct Equifax's erroneous and negative reporting in writing, Equifax neglected, refused, or failed to do so.

34. Equifax's continued inaccurate and negative reporting of the discharged debt in light of its knowledge of the actual error was willful. Plaintiff is, accordingly, eligible for statutory damages.

35. Also as a result of Equifax's continued inaccurate and negative reporting, Plaintiff has suffered actual damages, including without limitation fear of credit denials, out-of-pocket expenses in challenging Defendant's wrongful representations, damage to her creditworthiness, and emotional distress.

36. By inaccurately reporting account information relating to the discharged debt after notice and confirmation of its errors, Equifax failed to take appropriate measures as required under 15 U.S.C. § 1681e(b).

37. The foregoing acts and omissions constitute numerous and multiple willful, reckless or negligent violations of the FCRA, including but not limited to each and every one of the above-cited provisions of the FCRA, 15 U.S.C. § 1681.

38. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(1); statutory damages pursuant to 15 U.S.C. § 1681n(a)(1); punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from Defendant.

39. As a result of each and every negligent noncompliance of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681o(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2) from Defendant.

**PRAYER FOR RELIEF**

Plaintiff respectfully requests the Court grant Plaintiff the following relief against Defendant:

**FIRST CAUSE OF ACTION**
**VIOLATION OF THE FAIR CREDIT REPORTING ACT**
**15 U.S.C. § 1681 ET SEQ. (FCRA)**

- an award of actual damages pursuant to 15 U.S.C. § 1681n(a)(1);
- award of statutory damages pursuant to 15 U.S.C. § 1681n(a)(1);

- an award of punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2);

- award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n(a)(3), and 15 U.S.C. § 1681(o)(a)(1) against Defendant for each incident of negligent noncompliance of the FCRA; and

- any other relief the Court may deem just and proper.

### TRIAL BY JURY

40. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: February 11, 2020

Respectfully submitted,

By /s/ David H. Krieger, Esq.

David H. Krieger, Esq.
Nevada Bar No. 9086
HAINES & KRIEGER, LLC
8985 S. Eastern Ave., Suite 350
Henderson, NV 89123
Phone: (702) 880-5554
FAX: (702) 385-5518
Email: dkrieger@hainesandkrieger.com

Attorney for Plaintiff
*SARAH M. AGUILERA*